IN THE

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT

OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

OCT 17 2025

BY ___ ARTHUR JOHNSTON ___ DEPUTY

MAURICIO DOMINGUEZ-VASQUEZ,  )
    Petitioner )
     )
v. )
     )
UNITED STATES OF AMERICA )
WARDEN CHILDRESS, )
    Respondent )

Case No. 3:25-cv-790-DPJ-ASH
4:19-CR-41-JPB-ROC

WRIT OF HABEAS CORPUS

PURSUANT TO 28 U.S.C. § 2241(C)(3)

    Comes now Petitioner, Mr. Dominguez, in Pro-Se Forma respectfully requests that this Honorable Court orders the Federal Bureau of Prisons at Yazoo City Low II to credit him accrued programming days for the time endured on lockdown during Global COVID-19 Pandemic from January 2020 to February 7, 2022. Approximately 750 of accrued programming days which convert to 375 days of FSA FTCs toward his sentence reduction and RRC/HC placement. Depriving Petitioner Mr. Dominguez of these credits constitutes illegal detention, and he moves pursuant to 28 U.S.C. § 2241(c)(3).

    Petitioner is a layman of the law and prays that this motion be liberally construed and held to a standard "less stringent" than those drafted by attorneys. Haines v. Kerner 404 U.S. 519, 520 (SCOTUS 1972); see also Ayala Serrano v. Ganzalez 909 F. 2d 815 (1st Cir. 1991).

    According to Rule 56(a) of the Federal Rules of Civil Procedures, a movant may move for any claim if he shows that there is no

-1-

general dispute as to material fact and he is entitled to judgment as a matter of law.

## BACKGROUND

- Petitioner is currently incarcerated at FCI Yazoo City Low II at Yazoo City, MS 39194.

- Petitioner was sentenced to 188 months in prison, the Court also imposed 15 years of Sueprvised Release.

- Mr. Dominguez was arrested for this offense on June 26, 2019.

- In 2020, there was a declaration for a global pandemic for COVID-19, the FBOP went into lockdown to prevent spreading. Ultimately prisoners had to endure 23 hour and 24 hour lockdowns somedays for years making their sentence all the more harsher.

## I. APPLY TIME CREDITS
## BASED ON COVID-19 ACCRUED
## PROGRAM DAYS WHICH
## WERE EARNED

Petitioner files a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to secure release from illegal detention due to missing FSA credits towards sentence and RRC/HC placement for the time spent in lockdown during the COVID-19 Global Pandemic and should earn time credits as designated by the Government since during that time he would have been "Eligible" and "Opt-In" for FSA under the First Step Act 18 U.S.C. § 3632. Petitioner files pursuant to 28 U.S.C. § 2241 to secure release from illegal custody, Peiser v. Rodriguez 411 U.S. 475, 484 93 S. Ct. 1827 36 C. Ed. 2d 439 (1973); see also McIntosh v. U.S. Parole Comm'n 115 F.3d 809, 811 (10th Cir. 1997). Habeas Corpus is warranted only when Petitioner is in custody in violation of the Constitution

or laws of the treaties of the United States of America 28 U.S.C.
§ 2241(c)(3).

## DISCUSSION

Petitioner requests that this Honorable Court orders the
Federal Bureau of Prisons at Yazoo City Low II in Yazoo City,
MS 39194 to credit Petitioner with the days of programming accrued
during lockdowns for hard time endured during COVID-19, towards
his FSA Earned Time Credits and RRC/HC placement. Not granting
Petitioner with credits constitutes a violation of an established
Congress passed act 18 U.S.C. § 3632 and a motion under § 2241
is the proper avenue to secure release from illegal detention
and to prevent constitutional injury. Petitioner seeks to be
credited all days that should be applied to him through the FSA
FTCs, and RRC/HC placement based on the facts discussed above.

## II. ADMINISTRATIVE REMEDIES EXHAUSTION
## IS NEITHER REQUIRED NOR APPROPRIATE

Unlike other statutory schemes, Congress has not mandated
administrative exhaustion for Federal Habeas Corpus for petitions
under 28 U.S.C. § 2241. The Prison Litigation Reform Act (PLRA),
which does contain exhaustion requirements explicitly excludes
Habeas proceedings from its scope. See 18 U.S.C. § 3636(g)(2)
(defining "civil action with respect to prison conditions" but
explicitly excluding "Habeas Corpus proceedings challenging the
fact or duration of confinement in prison"); Mohanagan v. Winn
276 F. Supp. 2d 196 (finding no authority suggesting PLRA exhaustion
requirements govern habeas petitions); Davis v. Fetchel 150 F.3d
486, 490 (5th Cir. 1998) (The PLRA does not apply to Section
2241 proceedings).

When Congress has not clearly required exhaustion, the Supreme
Court has consistently held that "Sound judicial discretion is
particularly in the Habeas context, where courts must balance
administration interest against the fundamental right to be free

-3-

from unlawful detention, <u>Sample v. Morrison</u> 406 F.3d 310, 312
(5th Cir. 2005) (recognizing over-detention as irreparable harm).

Even if prudential exhaustion principles apply, the Supreme
Court has clarified that exhaustion requirements are "not absolute"
<u>Ross v. Blake</u> 136 S. Ct. 1850 (2016) remedies are not "available"
when:

1. The agency has demonstrated a predetermined position
   through systematic non-compliance as evidence by Congressional
   over-sight findings;
2. The relief sought requires immediate action to prevent
   Constitutional injury, such as is negating FTCs thereby
   extending Petitioner's time in prison, illegally detaining
   him;
3. Administrative procedures would be futile given documented
   system-wide implementation failures; as proven by new
   mandate from the Direct of the BOP to Case Managers to
   expand FSA - halfway house, home confinement, and advising
   them if they failed to do their job, they would be met
   with insubordination consequences.

Multiple circuits have recognized that even prudential exhaustion
requirements must yield in cases like this one where:

(i) The challenge involves statutory interpretations rather
    than factual disputes;
(ii) The agency has adopted a predetemined position;
(iii) The relief sought requires immediate action to prevent
      Constitutional injury.

The BOP administrative remedy process requires 90 to 120
days to be complete, which would only delay petition to Court
based on predetermined position with regards to FSA implementation
and systematic failure to timely implement FSA statute. See <u>Ward
v. Chavez</u> 678 F.3d 1042, 1045 (9th Cir. 2012) (exhaustion unecessary
when the administrative appeal would be futile).

This case presents precisely the circumstances where exhaustion would serve no purpose beyond delay. The recent ACLU class action shows institutional unwillingness to address these issues through administrative channels. Courts have consistently recognized that over-detention constitutes irreparable harm that cannot adequately be remedied through post-release compensation, <u>Sample</u> 406 F.3d at 312. Where as here, the agency has demonstrated both inability to timely process administrative remedies and a predetermined position contrary to clear statutory mandates, requiring exhaustion would merely prolong unconstitutional detention.

CONCLUSION

Based on the facts of this matter established herein, Petitioner respectfully and humbly requests this Honorable Court to grant this motion, apply accrued programming days for time endured during lockdowns during COVID-19 Global Pandemic. This programming should be applied to FSA FTCs towards RRC/HC placement preventing illegal detention pursuant to 28 U.S.C. § 2241(c)(3).

Respectfully submitted, this ___9th___ day of ___October___ 2025.

X Dominguez, M

Mauricio Dominguez-Vasquez
# 23446-051
FCI Yazoo City Low II
P.O. Box: 5000
Yazoo City, MS 39194